UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD ASLIN, KETURAH BIXBY,
JESSICA CANTLON, BENJAMIN HAYDEN,
SARAH HEILBRONNER, CELESTE KIDD,
BRADFORD MAHON, ELISSA NEWPORT
and STEVEN PIANTADOSI,

                         Plaintiffs,

vs.

                **Civil Case No.:**
                **6:17-cv-06847-LJV-LGF**

UNIVERSITY OF ROCHESTER,
JOEL SELIGMAN, and ROBERT CLARK,

                         Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS THE NEWPORT TITLE IX CLAIM**

 

**WARD GREENBERG HELLER & REIDY LLP**
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700

*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................................. 1

ARGUMENT ..................................................................................................................................... 2

    THE COURT'S REASONING APPLIED TO NEWPORT'S TITLE VII, NYSHRL AND TITLE IX
    RETALIATION CLAIMS, AND THE LATTER MUST AGAIN BE DISMISSED ........................................ 2

CONCLUSION ................................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Baldwin v. New York*, 2015 U.S. Dist. LEXIS 114540 (W.D.N.Y. 2015) ................................. 3, 4

*Burgess v. Harris Beach PLLC*, 346 F. App'x 658 (2d Cir. 2009) ................................................ 3

*Cancall PCS, LLC v. Omnipoint Corp.*, 2001 U.S. Dist. LEXIS 3267 (S.D.N.Y. 2001) ............... 6

*Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387 (S.D.N.Y. 2019) ......................... 5

*Murray v. New York Univ. College of Dentistry*, 57 F.3d 243 (2d Cir. 1995) ............................... 4

*Pejovic v. State Univ. of N.Y. at Albany*, 2018 U.S. Dist. LEXIS 125597 (N.D.N.Y. 2018) ......... 5

*Ramsey v. Fischer*, 2018 U.S. Dist. LEXIS 9114 (W.D.N.Y. 2018), *R&R adopted in relevant part,* 2018 U.S. Dist. LEXIS 64483 (W.D.N.Y. 2018) ................................................................ 6

*Williams v. City of N.Y.*, 2005 U.S. Dist. LEXIS 6674 (S.D.N.Y. 2005) ....................................... 6

**PRELIMINARY STATEMENT**

In plaintiffs' original complaint filed December 8, 2017, plaintiff Elissa Newport joined all plaintiffs except Keturah Bixby in asserting claims against the University for retaliation. Like the others, Newport alleged that the University retaliated against her because she engaged in protected activities in violation of Title VII, Title IX and the New York State Human Rights Law ("NYSHRL"). In their motion to dismiss, defendants moved against Newport's retaliation claims, in part on the grounds that at the time Newport allegedly began engaging in protected activity, she had not been employed by the University for over four years, and could not plausibly demonstrate an adverse employment action as a result of the University's alleged conduct.

In its decision and order, this Court, first noting that it would address plaintiffs' retaliation claims under all three of the statutes (Dkt. 30 at 7 n.4), found that because the alleged protected activity in which Newport claimed she was engaged occurred some four years after she was employed by the University, she had not plausibly pleaded that the protected activities resulted in an adverse action. This Court therefore dismissed Newport's retaliation claims, and ordered plaintiffs to "file an amended complaint regarding those claims that survived defendants' motion" consistent with the Court's decision. (Dkt. 30 at 58).

Despite the Court's clear holding that "defendant's motion to dismiss Newport's retaliation claim is granted," (Dkt. 30 at 26), plaintiffs' first amended complaint asserts a Title IX retaliation claim on behalf of Newport. (Dkt. 32 at Count XIII (¶¶ 516-18)). Assuming Newport's inclusion of the dismissed Count was an oversight, counsel for defendants contacted plaintiffs' counsel and noted that the assertion of a retaliation claim on behalf of Newport was contrary to this Court's ruling. Plaintiffs' counsel disagreed, albeit, as set forth in detail below, without valid support for

their position. Defendants respectfully request that the Court once again dismiss the Newport retaliation claim.

## ARGUMENT

### THE COURT'S REASONING APPLIED TO NEWPORT'S TITLE VII, NYSHRL AND TITLE IX RETALIATION CLAIMS, AND THE LATTER MUST AGAIN BE DISMISSED

There is no question that this Court's decision partially granting the University's motion to dismiss Newport's retaliation claim encompassed her Title IX claim:

> Case 6:17-cv-06847-LJV   Document 30   Filed 08/28/19   Page 26 of 58
>
> termination."). Because Newport was no longer employed by UR after 2012 and began engaging in protected activities in March 2016, Docket Item 1 at ¶¶ 393, 394, she has not plausibly pleaded that these protected activities resulted in some adverse employment action. Therefore, the defendant's motion to dismiss Newport's retaliation claim is granted.

(Dkt. 30 at 26; *see also Id.* at 27 ("Newport has not alleged a viable retaliation claim against the University")). The decision has no language limiting its dismissal of Newport's retaliation claims only to those brought pursuant to the NYSHRL and Title VII. (*Id.*; *see also* Dkt. 13-1 at Point I(K) (defendants' motion sought to dismiss all of Newport's retaliation claims)). Rather, the Court dismissed Newport's retaliation claim because, as a former employee, she could not demonstrate that her activities resulted in an adverse action. This reasoning is the same under the NYSHRL and Title VII as it is under Title IX – as neither an employee nor a student, she could not plausibly plead an adverse school related action.

In a good faith effort to avoid this motion, counsel for the defendants conferred with plaintiffs' counsel and requested that plaintiffs withdraw the Newport retaliation claim due to the unambiguous language of the Decision. (Ward Decl. Ex. A). In response, plaintiffs' counsel stated

that they "disagree that Judge Vilardo has dismissed Newport's Title IX retaliation claim." (Ward Decl. Ex. B). Plaintiffs' apparent justification for the reinsertion of Newport's Title IX retaliation claim is that the Decision contained the heading "Newport's Claim as a Former Employee," and as such it "clearly encompass[ed] her Title VII and NYSHRL claims, but not her Title IX claim which does not depend on her status as a former employee. The law is clear on this point." (*Id.*). In support of their position, plaintiffs cited two cases, neither of which stand for the proposition that Newport has a Title IX claim; to the contrary, they are consistent with the Court's initial decision to dismiss the claim.

Plaintiffs justify their reassertion of Newport's Title IX retaliation claim on the authority of *Burgess v. Harris Beach PLLC*, 346 F. App'x 658 (2d Cir. 2009) and *Baldwin v. New York*, 2015 U.S. Dist. LEXIS 114540 (W.D.N.Y. 2015), each of which recites the well-known law that Title IX is not limited to discrimination against employees. This, according to plaintiffs, means that Newport's status as a former employee (presumably not a student, which also is covered by Title IX) was not a dispositive factor for her Title IX claim on the motion to dismiss. (Ward Decl. Ex. B).

In contrast to plaintiffs' characterization, neither *Burgess* nor *Baldwin* stand for the proposition that a member of the general public, who has not been an employee or a student for several years, may assert a Title IX retaliation claim. *Baldwin* involved a University faculty member denied tenure allegedly in retaliation for protected activity, and unlike the facts here, *Burgess* was never an employee or student of the defendant school district. *See Baldwin*, 2015 U.S. Dist. LEXIS 114540, at * 1 ("Baldwin alleges that Buffalo State essentially squeezed her out of a job as a professor in retaliation . . . ."); *Burgess*, 346 F. App'x at 661 (dismissing retaliation claim

3

because plaintiff "was not employed by any of the defendants, nor was she a student . . . Instead, she was an attorney who brought an employment discrimination action").

Rather, each case cited by plaintiffs stands for the well-settled proposition that Title IX provides broader coverage than Title VII because Title IX is not limited to employees; it also applies to students in educational facilities. *See Burgess,* 346 F. App'x at 660; *Baldwin,* 2015 U.S. Dist. LEXIS 114540 at *23; *see also, e.g., Murray v. New York Univ. College of Dentistry*, 57 F.3d 243, 248 (2d Cir. 1995) ("Title IX has been construed to prohibit gender discrimination against both students enrolled in federally supported educational programs and employees involved in such programs."). But this Court did not rely on Title IX's application to students when dismissing Newport's retaliation claim; instead, this Court correctly applied "the same framework for retaliation claims under Title VII, Title IX, and the NYSHRL" and addressed "plaintiffs' retaliation claims under all three statutes together." (*Id.* at 7 n.4, 26). Plaintiffs' reliance on the irrelevant principle that Title IX can be broader than Title VII fails support a Title IX claim by Newport whose last employment by the University was remote from her claimed protected activity.

In fact, *Burgess* actually supports the conclusion that this Court properly dismissed Newport's retaliation claims in their entirety. The Second Circuit explained that the lack of a direct relationship with the educational institution is a dispositive issue warranting dismissal of a Title IX retaliation claim:

> [Plaintiff] was not employed by any of the defendants, nor was she a student in the District. . . . Without a direct relationship between herself and any of the defendants, there was no materially adverse action that any of the defendants could have taken against Burgess and therefore no way for them to have retaliated against her.

*Burgess*, 346 F. App'x at 661.  Newport's Title IX retaliation claim (and her Title VII and NYSHRL claims) suffers from the same deficiency and, as a result, was dismissed by the Court. (Dkt. 30 at 26).

Indeed, another dismissal of Newport's reasserted claim is fully consistent with Title IX's requirement that there be an adverse school-related action. As this Court's decision reflects, Newport's retaliation claims fail to plausibly allege that her purportedly protected activity, which began more than four years after leaving the University's employment, resulted in adverse employment action. (Dkt. 30 at 26). In reaching this conclusion, the Court applied the well-settled requirement that a Title VII or Title IX plaintiff must have engaged in protected activity while maintaining a direct relationship with either her employer or an educational institution to invoke the protections provided by those statutes. *See* Dkt. 30 at 25 ("plaintiffs have cited no authority for the proposition that such oppos[ition] by employees or applicants for employment can occur after the employment relationship has ended. In fact, the weight of the case law assumes that the opposite is true.") (internal quotation omitted) (citing cases); *see also, e.g., Pejovic v. State Univ. of N.Y. at Albany*, 2018 U.S. Dist. LEXIS 125597, at *7 n.1 (N.D.N.Y. 2018) (Title IX retaliation claim would fail because plaintiff's "allegations demonstrate that any protected activity [plaintiff] could claim occurred after the decision to end his employment."); *see also, e.g., Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387, 398 (S.D.N.Y. 2019) ("Glaser's Title IX claims are similarly deficient. Because Glaser's allegations establish that he was neither a student nor an employee of Defendants as of August 2016, the period in which he was allegedly discriminated against on the basis of gender, he fails to allege facts sufficient to demonstrate that Title IX affords him a right to relief for that discrimination.").

Because the Court previously dismissed Newport's Title IX retaliation claim, it likewise must reject plaintiffs' attempt to reassert it in the first amended complaint. (Dkt. 32 at Count XIII (¶¶ 516-18)); *see, e.g., Ramsey v. Fischer*, 2018 U.S. Dist. LEXIS 9114, at *61 (W.D.N.Y. 2018), *R&R adopted in relevant part,* 2018 U.S. Dist. LEXIS 64483 (W.D.N.Y. 2018) (where "[p]laintiff seeks to reinstate previously dismissed claims, such claims should be dismissed with prejudice for failure to state a claim for which relief can be granted"); *Cancall PCS, LLC v. Omnipoint Corp.*, 2001 U.S. Dist. LEXIS 3267, at *6 (S.D.N.Y. 2001) (noting that where plaintiff's claim "was already dismissed with prejudice," including the same claim in an amended complaint is "by itself[] grounds to dismiss" that claim). Specifically, where a "prior decision[ ] in an ongoing case either expressly resolved an issue or necessarily resolved it by implication" pursuant to Rule 12(b)(6), the law of the case doctrine mandates dismissal of the previously dismissed claim. *Williams v. City of N.Y.*, 2005 U.S. Dist. LEXIS 6674, at *29 (S.D.N.Y. 2005). The Court therefore should dismiss Newport's Title IX retaliation claim for a second time.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Newport's Title IX retaliation claim (Count XIII).

Dated: September 25, 2019         Respectfully submitted,

WARD GREENBERG HELLER & REIDY LLP

 s/ Eric J. Ward
Eric J. Ward (eward@wardgreenberg.com)
Meghan M. DiPasquale (mdipasquale@wardgreenberg.com)
Tony R. Sears (tsears@wardgreenberg.com)
1800 Bausch & Lomb Place
Rochester, New York 14604
 (585) 454-0700