**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

RICHARD ASLIN, KETURAH BIXBY,
JESSICA CANTLON, BENJAMIN HAYDEN,
SARAH HEILBRONNER, CELESTE KIDD,
BRADFORD MAHON, ELISSA NEWPORT and
STEVEN PIANTADOSI,

                                    Plaintiffs,                    Case No. 6:17-cv-06847

                    -vs-

UNIVERSITY OF ROCHESTER,
JOEL SELIGMAN and ROBERT CLARK,

                                    Defendants.
_____

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Defendants state preliminarily that the First Amended Complaint does not comply with

Federal Rules of Civil Procedure 8 and 10 (noted throughout this Answer as "Rules 8 and 10") or

with the Decision and Order granting in part and denying in part Defendants' Motion to Dismiss

(Dkt. 30).  Defendants also do not respond in this Answer to Count XIII to the extent it is asserted

on behalf of plaintiff Newport because that count was dismissed by the Decision and Order

granting in part and denying in part Defendants' Motion to Dismiss (Dkt.30).  Defendants refer to

their Motion to Dismiss filed concurrently with this Answer with respect to that count.  Despite

these procedural deficiencies, Defendants, for their answer, state in paragraphs corresponding to

the numbered paragraphs of Plaintiffs' First Amended Complaint, that they:

1.      Admit the allegations in paragraph 1.

2.      Admit the allegations in paragraph 2.

3.      Admit the allegations in paragraph 3, except deny that there have been relevant developments since the filing of plaintiffs' complaint.

4.      Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6.      Admit the allegations in paragraph 6.

7.      Admit the allegations in paragraph 7.

8.      Admit the allegations in paragraph 8.

9.      Admit the allegations in paragraph 9.

10.     Admit the allegations in paragraph 10.

11.     Admit the allegations in paragraph 11, except deny that plaintiff Newport has standing to assert causes of action pursuant to Title VII or Title IX.

12.     Admit the allegations in paragraph 12.

13.     Admit the allegations in paragraph 13.

14.     Admit the allegations in paragraph 14.

15.     Admit the allegations in paragraph 15.

16.     Admit the allegations in paragraph 16.

17.     Admit the allegations in paragraph 17.

18.     Admit the allegations in paragraph 18, except deny that plaintiff Aslin filed a Charge on August 31, 2017; the Charge was received by the Boston Area Office of the EEOC on August 30, 2017.

19.     Admit the allegations in paragraph 19.

20.     Admit the allegations in paragraph 20 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

21.     Admit the allegations in paragraph 21.

22.     Admit the allegations in paragraph 22 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

23.     Admit the allegations in paragraph 23.

24.     Admit the allegations in paragraph 24 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

25.     Admit the allegations in paragraph 25.

26.     Admit the allegations in paragraph 26 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

27.     Admit the allegations in paragraph 27.

28.     Admit the allegations in paragraph 28 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

29.     Admit the allegations in paragraph 29.

30.     Admit the allegations in paragraph 30 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

31.     Admit the allegations in paragraph 31.

32.     Admit the allegations in paragraph 32 except deny knowledge or information sufficient to form a belief as to the truth of the specified EEOC filing date.

33.     Admit the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34, except admit that in August and September 2017 plaintiffs filed complaints with the EEOC.

35.     Paragraph 35 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the

first sentence but deny that those allegations constitute actionable conduct. Defendants deny the allegations in the second sentence.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 but deny that those allegations constitute actionable conduct.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     Paragraph 38 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit the allegations in the first sentence, admit that Aslin and Cantlon filed a complaint with the University in March 2016, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

39.     Deny the allegations in paragraph 39 except admit that Nearpass, in her Human Resources role as an investigator, issued a report in June 2016.

40.     Deny the allegations, including plaintiffs' characterizations of the facts alleged, in paragraph 40.

41.     Deny the allegations in paragraph 41 except admit that Aslin and Canton read the Nearpass Report.

42.     Paragraph 42 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations including the state of mind of plaintiffs Aslin and Cantlon and deny plaintiffs' characterizations of the facts alleged, except admit that Provost and Senior Vice President Robert Clark issued a determination letter dated June 2, 2016 and Dean of the School of Medicine and Senior Vice President for Health Services Mark Taubman, M.D. denied plaintiffs Aslin's and Cantlon's appeal of the Provost's determination by letter dated August 15, 2016.

43.     Paragraph 43 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except admit that Jaeger was made a full Professor effective July 1, 2013 and deny plaintiffs' characterizations of the facts alleged and that the allegations constitute actionable conduct.

44.     Deny the allegations in paragraph 44.

45.     Paragraph 45 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged.

46.     Paragraph 46 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 including plaintiffs' state of mind except deny plaintiffs' characterizations of the facts alleged.

48.     Paragraph 48 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except admit that the University employs a significant number of people.

49.     Paragraph 49 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except admit that "searches of employee email are generally legal".

50.     Paragraph 50 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged and deny that those allegations constitute actionable conduct.

51.     Paragraph 51 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, deny plaintiffs' characterizations of the facts alleged and deny that those allegations constitute actionable conduct.

52.     Paragraph 52 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

53.     Paragraph 53 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to any conclusion(s) reached by plaintiffs.

54.     Paragraph 54 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, including plaintiffs' characterizations of the facts alleged , except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 54, and admit that the University retained Mary Jo White of Debevoise & Plimpton to investigate the alleged conduct of Dr. Jaeger and whether that conduct violated University policy, that Ms. White's report was published on January 11, 2018, and that on January 11, 2018, before Mr. Seligman or any member of the Board received Ms. White's report or learned the contents of the report, he informed the Board of the University of his intention to resign as President.

55.     Paragraph 55 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 55, deny that those allegations constitute actionable conduct, and admit that Debevoise did not interview plaintiffs because the plaintiffs refused to meet or talk with Debevoise.

56.     Paragraph 56 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

57.     Paragraph 57 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except admit that the Debevoise report found that Jaeger had, before 2014, engaged in conduct that "was at times inappropriate, unprofessional and offensive…" (Debevoise Report, p. 150), and further admit the Report concluded that the evidence did not support claims that plaintiffs or other University students or employees were "subjected to unlawful sexual harassment as a result of Jaeger's conduct" and that the University did not unlawfully retaliate against the plaintiffs. (Debevoise Report, pp. 149-150.)

58.     Paragraph 58 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, including plaintiffs' characterizations of this Court's order (Dkt. 30) granting in part and denying in part the defendants' motion to dismiss.

59.     Paragraph 59 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except admit that the plaintiffs left the employment of the University by their own free choice.

60.     Paragraph 60 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

61.     Paragraph 61 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as the truth of the allegations related to activities at other universities including MIT.

62.     Paragraph 62 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the alleged facts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiffs

"concluded," "decided" or "would have loved" to pursue the courses of action alleged, and admit that plaintiffs could have, but unilaterally refused to meet or talk with Debevoise.

63.     Paragraph 63 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, deny plaintiffs' characterizations of the alleged facts, state that the Department of Brain and Cognitive Sciences was formed in 1995 and admit that it is nationally recognized.

64.     Paragraph 64 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that over time, there have been a significant number of female faculty and students.

65.     Paragraph 65 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Jaeger began employment at the University in January 2007, that he began teaching at the University in the Fall of 2007 and that he previously had been a graduate student at Stanford University and a post-doctoral fellow at UCSD.

66.     Paragraph 66 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, deny that the allegations constitute actionable conduct and admit that plaintiff Kidd applied to and attended the Ph.D. program in the Department of Brain and Cognitive Sciences at the University and that she had been an undergraduate student at the University of Southern California.

67.     Paragraph 67 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the content of certain messages exchanged between Jaeger and

plaintiff Kidd, although admit that Jaeger and Kidd exchanged numerous messages especially in the 2007-2008 time frame.

68.     Paragraph 68 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny that the facts alleged constitute actionable conduct.

69.     Paragraph 69 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including those related to the content of certain messages exchanged between Jaeger and plaintiff Kidd, although admit that Jaeger and Kidd exchanged numerous messages especially in the 2007-2008 time frame.

70.     Paragraph 70 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including those related to the content of certain messages exchanged between Jaeger and plaintiff Kidd, although admit that Jaeger and Kidd exchanged numerous messages especially in the 2007-2008 time frame and further admit that the University, in its Faculty Handbook effective February 2007 "strongly discourages any sexual or amorous relationships between members of the University community and those students over whom they have a direct, current supervisory or evaluative relationship."

71.     Paragraph 71 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the alleged facts.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Paragraph 74 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

75.     Paragraph 75 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 except admit that for a period of time between 2007 and 2008, Jaeger and plaintiff Kidd were roommates.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 except admit that for a period of time between 2007 and 2008, Jaeger and plaintiff Kidd were roommates.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, except deny plaintiffs' characterizations of the alleged facts.

79.     Paragraph 79 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

80.     Paragraph 80 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny that the facts alleged constitute actionable conduct.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 but deny that the facts alleged constitute actionable conduct.

82.     Paragraph 82 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and further deny plaintiffs' characterization of the alleged facts.

83.     Paragraph 83 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny that the facts alleged constitute actionable conduct.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, deny that the facts alleged constitute actionable conduct but admit upon information and belief that apparently, at times not specifically known to defendants, Jaeger went to Lux.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, deny that the facts alleged constitute actionable conduct but admit that Jaeger had parties at his home from time to time.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 except deny that the facts alleged constitute actionable conduct.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, except deny plaintiffs' characterizations of the facts alleged and deny that the facts alleged constitute actionable conduct.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, except deny plaintiffs' characterizations of the alleged facts, deny that the alleged facts constitute actionable conduct and admit, upon information and belief, that apparently, at times not specifically known to defendants, Jaeger went to Lux.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, except deny plaintiffs' characterizations of the facts alleged and admit that over several years, there were offsite retreats of personnel in Jaeger's lab, typically organized by Jaeger's graduate students, and that no one from Jaeger's lab was excluded from receiving an invitation.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 except deny that the facts alleged constitute actionable conduct.

91.     Paragraph 91 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but admit that the University's Center for Language Sciences regularly had highly qualified speakers selected via a process that comprised several faculty members of the Department of Brain and Cognitive Sciences.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 except admit that Jaeger critiqued the work of students over whom he had evaluative responsibilities, and mentored those students as well.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 except deny plaintiffs' characterizations of the facts alleged and deny that the Department of Brain and Cognitive Sciences was a hostile environment.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 except deny plaintiffs' characterizations of the facts alleged.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 except deny plaintiffs' characterizations of the facts alleged.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 except deny plaintiffs' characterizations of the facts alleged.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 except deny plaintiffs' characterizations of the facts alleged and further deny that the facts alleged constitute actionable conduct.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 except deny plaintiffs' characterizations of the facts alleged and further deny that the facts alleged constitute actionable conduct.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 except deny plaintiffs' characterizations of the facts alleged.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 except deny plaintiffs' characterizations of the facts alleged.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 except deny plaintiffs' characterizations of the facts alleged.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 except deny plaintiffs' characterizations of the facts alleged.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 except deny plaintiffs' characterizations of the facts alleged.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 except deny plaintiffs' characterizations of the facts alleged.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 except deny plaintiffs' characterizations of the facts alleged.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 except deny plaintiffs' characterizations of the facts alleged.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 except deny plaintiffs' characterizations of the facts alleged.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 except deny plaintiffs' characterizations of the facts alleged.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 except deny plaintiffs' characterizations of the facts alleged.

115.     Paragraph 115 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

116.     Paragraph 116 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

117.    Paragraph 117 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

118.    Paragraph 118 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

119.    Paragraph 119 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

120.    Paragraph 120 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

121.    Paragraph 121 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.    Paragraph 123 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

124.    Paragraph 124 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

125.     Paragraph 125 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

126.     Paragraph 126 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

127.     Paragraph 127 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

128.     Paragraph 128 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

129.     Paragraph 129 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

130.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Dr. Kurumada is Assistant Professor in the University's Department of Brain and Cognitive Sciences.

131.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 except deny plaintiffs' characterizations of the facts alleged.

132.     Paragraph 132 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

133.     Paragraph 133 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

134.     Paragraph 134 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

135.     Paragraph 135 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

136.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 except deny plaintiffs' characterizations of the facts alleged.

137.     Paragraph 137 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

138.     Paragraph 138 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

139.     Paragraph 139 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

140.     Deny the allegations in paragraph 140.

141.     Paragraph 141 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

142.     Paragraph 142 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

143.     Paragraph 143 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny plaintiffs' characterizations of the facts alleged.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, including the state of mind of plaintiff Kidd.

145.     Paragraph 145 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, including the state of mind of plaintiff Kidd, except deny plaintiffs' characterizations of the facts alleged.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, except deny plaintiffs' characterizations of the facts alleged.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.     Paragraph 149 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations,

including the state of mind of "Marshall" except deny plaintiffs' characterizations of the facts alleged.

150.    Paragraph 150 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Evans" except deny plaintiffs' characterizations of the facts alleged.

151.    Paragraph 151 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Edwards" except deny plaintiffs' characterizations of the facts alleged.

152.    Paragraph 152 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Hanson" except deny plaintiffs' characterizations of the facts alleged.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153, including the state of mind of "Hanson."

154.    Paragraph 154 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Hanson" except deny plaintiffs' characterizations of the facts alleged.

155.    Paragraph 155 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Kramer" except deny plaintiffs' characterizations of the facts alleged.

156.     Paragraph 156 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Rogers," except deny plaintiffs' characterizations of the facts alleged.

157.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 including the state of mind of "Gordon," except deny plaintiffs' characterizations of the facts alleged.

159.     Paragraph 159 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Gordon," except deny plaintiffs' characterizations of the facts alleged.

160.     Paragraph 160 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of plaintiff Bixby, except deny plaintiffs' characterizations of the facts alleged.

161.     Paragraph 161 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of plaintiff Bixby, except deny plaintiffs' characterizations of the facts alleged.

162.     Paragraph 162 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations,

including the state of mind of "Jackson" except deny plaintiffs' characterizations of the facts alleged.

163.     Paragraph 163 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Jackson" except deny plaintiffs' characterizations of the facts alleged.

164.     Paragraph 164 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Thomas" except deny plaintiffs' characterizations of the facts alleged.

165.     Paragraph 165 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Thomas" except deny plaintiffs' characterizations of the facts alleged.

166.     Paragraph 166 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Vaughn" except deny plaintiffs' characterizations of the facts alleged.

167.     Paragraph 167 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Adams" except deny plaintiffs' characterizations of the facts alleged.

168.     Paragraph 168 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Adams" except deny plaintiffs' characterizations of the facts alleged.

169.     Paragraph 169 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Adams" except deny plaintiffs' characterizations of the facts alleged.

170.     Paragraph 170 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Cooper" except deny plaintiffs' characterizations of the facts alleged.

171.     Paragraph 171 fails to comply with Rules 8 and 10.  Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, including the state of mind of "Bennett" except deny plaintiffs' characterizations of the facts alleged.

172.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, including the state of mind of "Andrews."

173.     Deny the allegations in paragraph 173.

174.     Paragraph 174 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations including plaintiff Bixby's state of mind, except deny plaintiffs' characterizations of the facts alleged.

175.     Paragraph 175 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except admit that in November 2013, plaintiff Bixby submitted a complaint to the Chairman of the Department of Brain and Cognitive Sciences, Gregory DeAngelis, directed to "unprofessional," but not improper sexual conduct by Jaeger and that following submission of plaintiff Bixby's complaint, DeAngelis spoke with at least two of the students identified by plaintiff Bixby.

176.     Paragraph 176 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged except admit that Dr. DeAngelis sent an email to plaintiff Bixby dated March 11, 2014, stating, among other things, that "none of the stories that I was told were in violation of the university's policy on harassment" and that he had spoken with Jaeger about "personal/professional boundaries, how an adviser has to be careful about power relationships when trying to be social with students, etc."

177.     Admit that paragraph 177 contains excerpts of the University's Policy 106 effective November 2012, but deny that it contains all language from the quoted sections on "Discrimination," "Harassment" or "Sexual Harassment" and refer to that policy for a complete and accurate recitation of its contents.

178.     Deny the allegations in paragraph 178 including plaintiffs' characterizations of the facts alleged except admit that Dr. DeAngelis sent an email to plaintiff Bixby dated March 11, 2014 stating, among other things, that "none of the stories that I was told were in violation of the university's policy on harassment."

179.     Paragraph 179 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of alleged communications

23

between "Andrews" and Dr. DeAngelis and the allegations related to "Andrews'" selection of projects, professional support and letters of recommendation.

180.    Paragraph 180 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of alleged communications between plaintiff Kidd and Dr. DeAngelis.

181.    Paragraph 181 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of alleged communications between plaintiff Bixby and Dr. DeAngelis.

182.    Paragraph 182 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of alleged communications between plaintiff Bixby or plaintiff Kidd or "Andrews" and Dr. DeAngelis and admit that plaintiff Bixby did not claim to Dr. DeAngelis that Jaeger's behavior constituted sexual harassment and admit that Dr. DeAngelis sent an email to plaintiff Bixby dated March 11, 2014 stating, among other things, that "none of the stories that I was told were in violation of the university's policy on harassment."

183.    Paragraph 183 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except admit that Dr. DeAngelis sent an email to plaintiff Bixby dated March 11, 2014, in which the language quoted in the allegations appears, along with other statements.

184. Paragraph 184 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of alleged communications between plaintiff Bixby and Dr. DeAngelis.

185. Paragraph 185 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to plaintiff Bixby's state of mind, deny knowledge or information sufficient to form a belief as to the truth of alleged communications between plaintiff Bixby or and University Title IX Coordinator Morgan Levy, and deny that the reference to Policy 106 contains all language from the quoted section and refer to that policy for a complete and accurate recitation of its contents.

186. Deny the allegations in paragraph 186 including plaintiffs' characterizations of the facts alleged, and that the allegations constitute actionable conduct.

187. Paragraph 187 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of alleged communications between Dr. DeAngelis and members of the faculty comprising the University's Department of Brain and Cognitive Sciences.

188. Paragraph 188 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged and deny that the allegations constitute actionable conduct except deny knowledge or information sufficient to form a belief as to plaintiff Kidd's state of mind.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189, including plaintiff Kidd's state of mind.

190.    Deny the allegations in paragraph 190 including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to plaintiff Cantlon's or plaintiff Kidd's state of mind.

191.    Paragraph 191 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to communications that took place at any social events attended by faculty of the University's Department of Brain and Cognitive Sciences and deny knowledge or information sufficient to form a belief as to plaintiff Cantlon's or plaintiff Mahon's state of mind.

192.    Deny the allegations in paragraph 192 including plaintiffs' characterizations of the facts alleged except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to communications that took place at any social events attended by faculty of the University's Department of Brain and Cognitive Sciences.

193.    Paragraph 193 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as to the identity of plaintiff Cantlon's sexual partners and the state of mind of faculty members of the University's Department of Brain and Cognitive Sciences.

194.    Paragraph 194 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

195.    Paragraph 195 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged and deny that the allegations constitute actionable conduct except deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the alleged comments made by a male faculty member of the University's Department of Brain and Cognitive Sciences.

196.    Paragraph 196 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and deny that the allegations constitute actionable conduct.

197.    Paragraph 197 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations including plaintiff Bixby's state of mind, except deny plaintiffs' characterizations of the facts alleged and that the allegations constitute actionable conduct.

198.    Paragraph 198 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

199.    Paragraph 199 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations including the state of mind of plaintiffs Aslin, Cantlon, Mahon, Kidd, Piantadosi and Hayden, except deny plaintiffs' characterizations of the facts alleged and that the allegations constitute actionable conduct.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 except deny plaintiffs' characterizations of the facts alleged and that the allegations constitute actionable conduct.

201.    Paragraph 201 fails to comply with Rules 8 and 10. Notwithstanding, defendants Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except admit that Aslin was Director of Graduate Studies and that Newport left University in 2012 and deny that the allegations constitute actionable conduct.

202.    Paragraph 202 fails to comply with Rules 8 and 10. Notwithstanding, defendants s deny the allegations including plaintiffs' characterizations of the facts alleged, except admit that Aslin and Newport recruited Jaeger to the University's Department of Brain and Cognitive Science in 2006, that Aslin voted for Jaeger's appointment as a full professor in 2016, and that Aslin and Newport nominated Jaeger for a number of awards and collaborated with him on research.

203.    Paragraph 203 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

204.    Admit the allegations in paragraph 204.

205.    Admit that Aslin and Nearpass spoke on March 11, 2016, deny that Aslin shared all of the specific allegations set forth in a.-f. of paragraph 205, and deny knowledge and information sufficient to form a belief as to whether Aslin had heard the allegations listed in that paragraph.

206.    Paragraph 206 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Aslin provided Nearpass with names of individuals.

207.    Paragraph 207 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Kidd had been Aslin's Ph.D. student.

208.     Deny the allegations in paragraph 208, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Kidd allegedly shared with Aslin and what Aslin subsequently chose to communicate to Nearpass, and deny that the allegations constitute actionable conduct.

209.     Deny the allegations in paragraph 209, except admit that Aslin advised Nearpass that he was meeting with Kidd and that had a list of names he would provide to her.

210.     Paragraph 210 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that Aslin was a former Vice Provost and Dean of the College of Arts and Science and that University lawyers, administrators and the current Department of Brain and Cognitive Science Chair met with him to discuss the investigation, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aslin's state of mind.

211.     Deny the allegations in paragraph 211, including plaintiffs' characterizations of the facts alleged, except admit that Nearpass met with Aslin on March 22, 2016, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aslin's state of mind.

212.     Paragraph 212 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit that Crummins met with Aslin on March 23, 2016, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including those allegations relating to Aslin's state of mind.

213.     Paragraph 213 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and characterizations regarding the investigation, and deny that the allegations constitute actionable conduct.

214.    Paragraph 214 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and characterizations regarding the investigation, and deny that the allegations constitute actionable conduct.

215.    Deny the allegations in paragraph 215 and specifically deny the characterizations regarding the investigation.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216.

217.    Paragraph 217 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, and specifically deny the characterizations regarding Cantlon's conversation with University Title IX Coordinator Morgan Levy, except admit that Cantlon and Levy spoke on March 25, 2016.

218.    Paragraph 218 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and characterizations regarding Cantlon's conversation with University Title IX Coordinator Morgan Levy, and deny knowledge and information sufficient to form a belief as to Cantlon's state of mind.

219.    Paragraph 219 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit that University Title IX Coordinator Morgan Levy met with Bixby in September 2016 and graduate students in the University's Department of Brain and Cognitive Science in November 2016, deny the allegations and characterizations regarding Levy's meeting with Bixby and her meeting with graduate students in the University's Department of Brain and Cognitive Science, and deny that the allegations constitute actionable conduct.

220.    Paragraph 220 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and characterizations regarding Cantlon's conversation with University Title

IX Coordinator Morgan Levy, and deny knowledge and information sufficient to form a belief as to Cantlon's state of mind.

221.    Paragraph 221 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit that Cantlon submitted a written complaint to Levy and Nearpass, and deny the remaining allegations and characterizations regarding Cantlon's conversation with University Title IX Coordinator Morgan Levy.

222.    Deny the allegations in paragraph 222.

223.    Paragraph 223 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224, except admit that Aslin voted in favor of Jaeger's promotion to full professor.

225.    Deny the allegations in paragraph 225, except admit that Jaeger's promotion from Associate Professor with Tenure to Professor was approved by the Board of Trustees in May 2016, and deny that the allegations constitute actionable conduct.

226.    Deny the allegations in paragraph 226, except that admit that Jaeger announced his promotion on social media after it was approved.

227.    Paragraph 227 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except that they deny knowledge or information sufficient to form a belief as to the alleged state of mind of Aslin and Cantlon.

228.    Paragraph 228 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that Kidd offered to Nearpass messages she allegedly received from Jaeger.

229.     Deny the allegations in paragraph 229, and deny that the allegations constitute actionable conduct.

230.     Paragraph 230 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, and deny that the allegations constitute actionable conduct.

231.     Paragraph 231 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, and deny that the allegations constitute actionable conduct.

232.     Deny the allegations in paragraph 232, except that admit that Nearpass is an experienced lawyer and the University's HR Investigator for Policy 106 complaints.

233.     Paragraph 233 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit that Marshall contacted Nearpass after she was interviewed by her, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Marshall's state of mind, and deny the remaining allegations.

234.     Deny the allegations in paragraph 234.

235.     Deny the allegations in paragraph 235 and specifically deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Gordon's state of mind.

236.     Paragraph 236 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that the Nearpass Report stated that Jaeger had one relationship with a University graduate student, that the relationship was described to Nearpass by both the graduate student and Jaeger as consensual and that the graduate student stated to her that Jaeger had "no direct effect "on her education.

237.     Paragraph 237 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

238.    Deny the allegations in paragraph 238.

239.    Deny the allegations in paragraph 239, and deny that the allegations constitute actionable conduct.

240.    Paragraph 240 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that the Nearpass Report states "the vast majority of the current and former students and post-docs interviewed did not support the suggestion that Jaeger's past sexual relationships with Graduate Students 1 and 2 created an environment that was hostile, or even off-putting, to women" .

241.    Paragraph 241 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that the Nearpass Report states that "several individuals (former students and post-docs) . . . gave reasons *other* than his sexual history as the basis for their decision not to work with Jaeger.  Those reasons related to his personality:

- He's a "jerk" (Witnesses 9, 29, 31)
- He has a "crass and cruel sense of humor" (Witness 18)"

and deny that the allegations constitute actionable conduct.

242.    Deny the allegations including plaintiffs' characterizations of the facts alleged in paragraph 242.

243.    Deny the allegations in paragraph 243, except deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein concerning Jaeger's conduct.

244.    Deny the allegations in paragraph 244.

245.    Deny the allegations in paragraph 245, except admit that Kidd was an Assistant Professor at the University at the time that Nearpass interviewed Newport.

246.     Paragraph 246 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

247.     Deny the allegations in paragraph 247.

248.     Deny the allegations in paragraph 248.

249.     Paragraph 249 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, and deny that the allegations constitute actionable conduct.

250.     Deny the allegations in paragraph 250, except deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein concerning Kidd's conduct.

251.     Deny the allegations in paragraph 251, except deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein concerning Kidd's conduct.

252.     Deny the allegations in paragraph 252.

253.     Deny the allegations in paragraph 253.

254.     Paragraph 254 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

255.     Deny the allegations in paragraph 255.

256.     Deny the allegations in paragraph 256.

257.     Deny the allegations in paragraph 257, except that on page 26 of the White Report it stated that "[T]he Independent Investigation discovered an additional intimate consensual relationship in 2008 with an undergraduate student, whom we also interviewed.", and deny that the allegations constitute actionable conduct.

258.     Deny the allegations in paragraph 258, except deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein concerning Newport's state of mind, and deny that the allegations constitute actionable conduct.

259.     Deny the allegations in paragraph 259, and deny that the allegations constitute actionable conduct.

260.     Admit that the Nearpass Report was submitted to Clark, at the time Dean of the School of Applied Sciences and Engineering and Senior Vice President for Research, and currently Provost and Senior Vice President for Research, who issued a determination letter to Aslin and Cantlon on June 2, 2016, and deny the remaining allegations of paragraph 260.

261.     Admit that on July 15, 2016 Aslin and Cantlon appealed the Clark determination, that Dr. Peter Lennie, then Provost recused himself from hearing the appeal, that Dr. Mark B. Taubman, the Dean of the School of Medicine and Dentistry was designated to hear the appeal, and deny the remaining allegations of paragraph 261.

262.     Deny the allegations in paragraph 262, and deny that the allegations constitute actionable conduct.

263.     Deny the allegations in paragraph 263, and specifically deny knowledge and information sufficient to form a belief as to the truth of the alleged state of mind of Cantlon and Aslin.

264.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 264.

265.     Deny the allegations in paragraph 265.

266.     Paragraph 266 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

35

267.    Deny the allegations in paragraph 267, except admit that Kidd was identified as a witness in the Nearpass Report.

268.    Paragraph 268 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, and deny that the allegations constitute actionable conduct.

269.    Deny the allegations in paragraph 269, except admit that Deans Lennie and Culver circulated a memorandum to the University's Department of Brain and Cognitive Science faculty regarding the University's Policy Against Discrimination and Harassment.

270.    Deny the allegations in paragraph 270.

271.    Deny the allegations in paragraph 271, and deny that the allegations constitute actionable conduct.

272.    Deny the allegations in paragraph 272.

273.    Deny the allegations in paragraph 273, and deny that the allegations constitute actionable conduct.

274.    Admit the allegations in paragraph 274.

275.    Deny the allegations in paragraph 275.

276.    Deny the allegations in paragraph 276.

277.    Paragraph 277 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

278.    Deny the allegations in paragraph 278.

279.    Deny the allegations in paragraph 279, except admit that Clark became Provost on July 1, 2016.

280.    Deny the allegations in paragraph 280.

281.     Deny the allegations in paragraph 281, specifically deny knowledge and information sufficient to form a belief as to the truth of the alleged state of mind of the plaintiffs.

282.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 282, and deny that the allegations constitute actionable conduct.

283.     Deny the allegations in paragraph 283, except that admit that the University retained Cynthia Maxwell Curtin to commence an investigation based on Kidd's July 21, 2016 complaint, that Ms. Maxwell was a former Title IX Officer for Syracuse University who specialized in investigations of this nature.

284.     Admit the allegations in paragraph 284.

285.     Deny the allegations in paragraph 285, except admit that Kidd was provided with a copy of the report to review in the University Office of Counsel, and admit that she was permitted to take notes during her review of the report.

286.     Deny the allegations in paragraph 286.

287.     Paragraph 287 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

288.     Deny the allegations in paragraph 288.

289.     Deny the allegations in paragraph 289.

290.     Deny the allegations in paragraph 290.

291.     Deny the allegations in paragraph 291.

292.     Deny the allegations in paragraph 292.

293.     Deny the allegations in paragraph 293.

294.     Deny the allegations in paragraph 294, except admit that Kidd appealed the Culver determination on October 31, 2016.

295.    Deny the allegations in paragraph 295, except admit that Bixby met with Heinzelman on July 12, 2016, and that Bixby sent emails to Culver.

296.    Admit that Bixby emailed Levy, and deny the remaining allegations in paragraph 296.

297.    Deny the allegations in paragraph 297, except admit that on August 23, 2016 Bixby emailed to DeAngelis, Lennie, Culver and Heinzelman a letter containing the statement as set forth in this paragraph.

298.    Deny the allegations in paragraph 298.

299.    Deny the allegations in paragraph 299.

300.    Deny the allegations in paragraph 300.

301.    Deny the allegations in paragraph 301.

302.    Deny the allegations in paragraph 302.

303.    Deny the allegations in paragraph 303.

304.    Deny the allegations in paragraph 304.

305.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305.

306.    Admit that Piantadosi wrote to Culver, Lennie and University Counsel Gail Norris on January 5, 2017 criticizing Levy's response to Bixby's complaint and deny the remaining allegations and plaintiffs' characterization of the facts alleged in paragraph 306.

307.    Admit the allegations in paragraph 307.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308

309.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309.

310.    Deny the allegations in paragraph 310, except admit that plaintiff Aslin wrote to Dean Lennie, and refer to any written communications for a full and accurate recitation of their contents.

311.    Deny the allegations in paragraph 311, except admit that plaintiff Bixby met with Dean Lennie and Dean Sturge-Apple on September 7, 2016.

312.    Paragraph 312 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in that paragraph except deny knowledge or information sufficient to form a belief as to the state of mind of plaintiffs Aslin and Cantlon, and admit that plaintiffs Aslin and Cantlon met with Mr. Seligman in the Fall of 2016.

313.    Deny the allegations in paragraph 313.

314.    Deny the allegations in paragraph 314, except admit that plaintiff Aslin met with University Intercessor Lynnett Van Slyke on November 1, 2016.

315.    Deny the allegations including plaintiffs' characterizations of the facts alleged in paragraph 315.

316.    Deny the allegations including plaintiffs' characterizations of the facts alleged in paragraph 316.

317.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 317, except admit that Dr. DeAngelis requested plaintiff Aslin to attempt to resolve differences with Jaeger on at least one occasion.

318.    Paragraph 318 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except deny knowledge or information sufficient to form a belief as to the

truth of the allegations concerning the exact content of communications between plaintiff Aslin and Jaeger, and deny knowledge or information sufficient to form a belief as to plaintiff Aslin's state of mind.

319.    Deny the allegations in paragraph 319, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff Aslin's state of mind, admit that plaintiff Aslin wrote to Dr. Jaeger via letter dated October 29, 2016, and refer to that letter for a complete and accurate recitation of its contents.

320.    Deny the allegations in paragraph 320, except admit that Dr. Jaeger sent an email apologizing to the Department of Brain and Cognitive Sciences faculty in December 2016 and refer to that email for a complete and accurate recitation of its contents.

321.    Paragraph 321 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, except admit that plaintiffs Kidd and Piantadosi were married and that they met with Dr. DeAngelis in Fall 2016.

322.    Deny the allegations including plaintiffs' characterizations of the facts alleged in paragraph 322, except admit that Dr. Jaeger participated in the Spring 2017 performance reviews of plaintiffs Kidd and Piantadosi and that Dr. Jaeger fully supported their reappointments at the University.

323.    Paragraph 323 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged in the first and second sentences of that paragraph, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, except admit that, working with others, plaintiff Kidd secured grants and published research.

324.    Deny the allegations in paragraph 324 including plaintiffs' characterizations of the facts alleged and deny knowledge or information sufficient to form a belief as to the content of communications between Dr. DeAngelis and plaintiff Kidd.

325.    Deny the allegations in paragraph 325, except admit that Provost Clark sent a confidential memorandum on November 29, 2016 and refer to that confidential memorandum for a complete and accurate recitation of its contents.

326.    Deny the allegations in paragraph 326 and refer to the confidential memorandum for a complete and accurate recitation of its contents.

327.    Deny the allegations in paragraph 327.

328.    Deny the allegations in paragraph 328 and refer to the confidential memorandum for a complete and accurate recitation of its contents.

329.    Paragraph 329 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit the allegations in the first sentence of that paragraph; deny the allegations in the second sentence; deny the allegations in the third sentence, except admit that the letter from plaintiff Aslin was reviewed by certain faculty; deny the allegations in the fourth and fifth sentences, except deny knowledge or information sufficient to form a belief as to plaintiff Aslin's state of mind, and refer to plaintiff Aslin's letter for a complete and accurate recitation of its contents; and deny the allegations in the sixth sentence.

330.    Paragraph 330 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit the allegations in the first sentence of that paragraph; deny the allegations in the second sentence, except admit that the University did not seek plaintiff Aslin's "permission" concerning the letter, and that it was provided via a statement from Dr. Jaeger, who was the original recipient of the letter; and deny the allegations in the third and fourth sentences.

331.   Paragraph 331 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that Dean Runner may have been concerned after hearing one or more of plaintiffs' allegations.

332.   Deny the allegations in paragraph 332.

333.   Paragraph 333 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in that paragraph, except admit that plaintiff Aslin wrote a letter to Mr. Seligman and Provost Clark on November 30, 2016 and refer to that letter for a complete and accurate recitation of its contents.

334.   Paragraph 334 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in that paragraph, except admit that at a Department of Brain and Cognitive Sciences faculty meeting on December 2, 2016 plaintiff Aslin announced that he planned to resign, that plaintiff Aslin had been a member of the University faculty for approximately 32 years, and that he subsequently confirmed his resignation in writing.

335.   Paragraph 335 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in that paragraph except admit that plaintiff Cantlon wrote to Provost Clark on December 6, 2016 and refer to that letter for a complete and accurate recitation of its contents.

336.   Deny the allegations in paragraph 336, except admit that plaintiffs Kidd and Piantadosi wrote to Dean Lennie and Dean Culver on January 3, 2017, refer to that letter for a complete and accurate recitation of its contents, and admit that Dean Lennie and Dean Culver did not immediately reply to that specific letter.

337.   Paragraph 337 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in that paragraph except admit that plaintiff Mahon emailed Mr. Seligman on January 5, 2017 and copied in several other plaintiffs, refer to that email for a complete and

accurate recitation of its comments, admit that Mr. Seligman replied on January 10, 2017, refer to that email for a complete and accurate recitation of its contents, and admit that plaintiffs did not participate in a meeting with Mr. Seligman.

338.    Paragraph 338 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged therein.

339.    Paragraph 339 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except admit that there was a meeting among University Vice President and General Counsel Gail Norris and Deans and faculty of Department of Brain and Cognitive Sciences on December 16, 2016 but that the meeting did not include discussion of the Policy 106 complaints against Jaeger even though plaintiffs' comments attempted to draw the discussion into that subject.

340.    Paragraph 340 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in that paragraph except deny knowledge or information as to specific statements from Department of Brain and Cognitive Sciences faculty members who did not agree with plaintiffs.

341.    Paragraph 341 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, except that defendants deny the allegations as to the reason plaintiff Aslin chose to resign from his University employment.

342.    Paragraph 342 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the exact content of communications between Dr. Foxe and plaintiffs.

343. Deny the allegations in paragraph 343, except admit that faculty members wrote to Provost Clark regarding the November 29, 2016 memo and other issues in December 2016, and refer to that communication for a full and complete recitation of its contents.

344. Deny the allegations in paragraph 344, except admit that Dr. DeAngelis notified faculty members that he had received and reviewed certain emails from Department of Brain and Cognitive Sciences faculty members' accounts.

345. Deny the allegations in paragraph 345.

346. Paragraph 346 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to alleged state of mind of the referenced three professors and deny the remaining allegations of the paragraph.

347. Paragraph 347 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that there was a Department of Brain and Cognitive Sciences faculty meeting on January 10, 2017 and that Dr. DeAngelis referenced the emails at the meeting.

348. Deny the allegations in paragraph 348, and refer to the referenced emails for a complete and accurate recitation of their contents.

349. Deny the allegations in paragraph 349, except admit that Dr. DeAngelis did not direct hostility toward plaintiff Aslin.

350. Deny the allegations in paragraph 350, except admit that neither plaintiff Cantlon nor the referenced faculty member received a formal reprimand.

351. Deny the allegations in paragraph 351.

352. Deny the allegations in paragraph 352.

353. Paragraph 353 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in the first sentence of that paragraph, admit the allegations in the second

sentence, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, sixth, and seventh sentences.

354.    Deny the allegations in paragraph 354.

355.    Paragraph 355 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations in the first, second, fourth, fifth, and sixth sentences of that paragraph, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

356.    Paragraph 356 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except deny any allegations in the paragraph that relate to the University and/or the Department of Brain and Cognitive Sciences, including but not limited to any allegation that the University does not take women's concerns seriously or requires them to give up education opportunities.

357.    Paragraph 359 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, and refer to the letter, email, and other communications referenced therein for a complete and accurate recitation of their contents.

358.    Paragraph 358 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

359.    Paragraph 359 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit the allegations in the first sentence of the paragraph; deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence, except admit that plaintiff Heilbronner came to the University as a post-doctorate fellow in March 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the

third, fourth, fifth, and sixth sentences and deny knowledge or information sufficient to form a belief as to the state of mind of plaintiffs Heilbronner, Hayden or Kidd.

360.     Deny the allegations in paragraph 360, except admit that on certain occasions, qualified spouses have been hired and/or worked in the University's Department of Brain and Cognitive Sciences and that Dr. Kurumada is Assistant Professor in the Department of Brain and Cognitive Sciences.

361.     Paragraph 361 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

362.     Deny the allegations in paragraph 362.

363.     Deny the allegations in paragraph 363, except admit that plaintiff Heilbronner did not accept employment with the University.

364.     Deny the allegations in paragraph 364.

365.     Deny the allegations in paragraph 365.

366.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 366.

367.     Paragraph 367 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except admit that Dr. DeAngelis and others had worked to identify a suitable position for plaintiff Heilbronner in the Department of Brain and Cognitive Sciences.

368.     Paragraph 368 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations including plaintiffs' characterizations of the facts alleged, and specifically deny that the allegations in subparagraphs (a) through (i) accurately characterize the communications referenced therein.

369.     Deny the allegations in paragraph 369, except admit that the Department of Brain and Cognitive Sciences had employed qualified spouses on multiple occasions.

370.     Paragraph 370 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that plaintiff Hayden was a faculty member of the Department of Brain and Cognitive Sciences, received grants, and had research published, and that the University made considerable efforts to retain plaintiff Hayden and to employ plaintiff Heilbronner, and further admit, upon information and belief, that plaintiff Heilbronner secured employment at the University of Minnesota.

371.     Paragraph 371 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit, upon information and belief, that plaintiffs Hayden and Heilbronner chose to leave Rochester and accept employment with the University of Minnesota.

372.     Paragraph 372 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that plaintiffs Cantlon, Mahon, Kidd, and Piantadosi met with Dean Lennie and Dean Culver in early 2017.

373.     Paragraph 373 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit, upon information and belief, that plaintiffs Kidd and Piantadosi chose to leave Rochester and accept employment at the University of California at Berkeley, that plaintiffs Cantlon and Mahon chose to leave Rochester and accept employment at Carnegie Mellon University, and that plaintiffs' decisions to leave the University impacted ongoing research projects.

374.     Paragraph 374 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except

deny any allegation that the University was required to subsidize plaintiffs' use of any scanner if they chose to leave their University employment.

375. Deny the allegations in paragraph 375.

376. Paragraph 376 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

377. Paragraph 377 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

378. Paragraph 378 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except admit that Joel Seligman was President of the University for more than 12 years, that he influenced the University during that time, that the paragraph identifies scholarly works Seligman authored or co-authored, and that Mr. Seligman's total compensation exceeded $1.3 million in 2016 and had increased from five years earlier.

379. Deny the allegations in paragraph 379.

380. Deny the allegations in paragraph 380, except admit that the University upgraded its information technology over time at considerable expense.

381. Deny the allegations in paragraph 381.

382. Deny the allegations in paragraph 382.

383. Deny the allegations in paragraph 383, except admit that the University retains the legal right to examine emails on its servers.

384. Paragraph 384 fails to comply with Rules 8 and 10. Notwithstanding, defendants admit that Mr. Seligman discussed email access by the University at a meeting with the Faculty Senate, except deny that emails were "used against Plaintiffs" and deny knowledge or information sufficient to form a belief as to the truth of whether the comments attributed to Mr. Seligman are

verbatim, and refer to any recording or transcription of Mr. Seligman's comments for a complete and accurate recitation.

385.    Paragraph 385 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

386.    Paragraph 386 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except deny knowledge or information sufficient to form a belief as to the state of mind of "long-standing UR employees" and admit that Seligman announced at this meeting that his permission would be needed to access University email accounts.

387.    Deny the allegations in paragraph 387.

388.    Deny the allegations in paragraph 388.

389.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 389.

390.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 390.

391.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 391.

392.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 392.

393.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 393.

394.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 394.

395.    Paragraph 395 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 395, except admit that plaintiffs made reports to the University, some of which included reports to Mr. Seligman.

396.    Paragraph 396 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 396, except admit that on a prior occasion a professor in the Department of Brain and Cognitive Sciences  was required to undergo training and sign an agreement not to have inappropriate interaction with students.

397.    Paragraph 397 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 397, except admit that plaintiff Newport consulted with University's Office of Counsel during her employment, which ended in 2012, and that the University properly responded to any report of alleged sexual harassment.

398.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 398.

399.    Paragraph 399 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 399.

400.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 400.

401.    Paragraph 401 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 401.

402.     Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 402.

403.     Paragraph 403 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 403, except deny knowledge or information sufficient to form a belief as to plaintiffs' state of mind, and admit that plaintiffs retained counsel and filed complaints with the EEOC and commenced this lawsuit.

404.     Paragraph 404 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 404, except admit that plaintiffs submitted filings with the EEOC and refer to those filings for a complete and accurate recitation of their contents and admit that plaintiffs repeatedly have asserted allegations to the media.

405.     Paragraph 405 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 405, except admit that Mr. Seligman issued a statement, which among other things correctly noted that allegations in an EEOC proceeding are not proven facts, and refer to that statement for a complete and accurate recitation of its contents.

406.     Paragraph 406 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 406, except admit that in September 2017 the Executive Committee of the University's Board of Trustees appointed a Special Committee of the Board of Trustees, that Richard Handler served as Chair of the Special Committee, that Richard Handler is now Chair of the Board of Trustees, that the Special Committee retained Debevoise & Plimpton LLP, Mary Jo White, Esq., of counsel, to conduct an independent, comprehensive investigation of all matters raised in plaintiffs' EEOC complaints,

and that Debevoise & Plimpton LLP delivered "The Report of the Independent Investigation" on January 11, 2018.

407. Paragraph 407 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 407, except admit that the Special Committee made certain statements informing University students, employees, and alumni about the Independent Investigation, admit that plaintiffs declined to participate in the investigation, and deny knowledge or information as to plaintiffs' state of mind or purported reasons they declined to participate in the investigation.

408. Paragraph 408 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 408, except deny knowledge or information as to any alleged witness's state of mind or purported opinions concerning the Independent Investigation.

409. Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 409, except admit that Debevoise & Plimpton LLP requested and received full cooperation from the University with respect to the Independent Investigation.

410. Paragraph 410 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 410, except deny knowledge or information as to the state of mind of plaintiffs or any alleged witnesses.

411. Paragraph 411 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 411, except admit that Dr. Jaeger was placed on administrative leave while Debevoise & Plimpton LLP conducted the Independent Investigation and that while on administrative leave, Dr. Jaeger was

prohibited from teaching classes, but for the sake of his students, could continue to work with them only if the students so chose.

412.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 412.

413.    Deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 413.

414.    Paragraph 414 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence of an alleged petition and concerning the state of mind of any professors or alleged witnesses.

415.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 415.

416.    Admit the allegations in paragraph 416.

417.    Deny the allegations in paragraph 417, except admit that plaintiff Aslin was employed by the University until he voluntarily resigned in December 2016.

418.    Deny the allegations in paragraph 418.

419.    Deny the allegations in paragraph 419.

420.    Deny the allegations in paragraph 420.

421.    Admit the allegations in paragraph 421.

422.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 422.

423.     Deny the allegations in paragraph 423, except admit that plaintiff Aslin voluntarily resigned from his University employment on December 2, 2016 and that plaintiff Aslin previously had planned to retire.

424.     Deny the allegations in paragraph 424.

425.     Deny the allegations in paragraph 425.

426.     Deny the allegations in paragraph 426.

427.     Deny the allegations in paragraph 427.

428.     Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 428.

429.     Admit the allegations in paragraph 429.

430.     Deny the allegations in paragraph 430, except admit that plaintiff Cantlon was an employee of the University from 2009 until she voluntarily resigned in 2017.

431.     Deny the allegations in paragraph 431.

432.     Deny the allegations in paragraph 432.

433.     Deny the allegations in paragraph 433.

434.     Admit the allegations in paragraph 434.

435.     Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 435.

436.     Admit the allegations in paragraph 436.

437.     Deny the allegations in paragraph 437, except admit that plaintiff Kidd was employed by the University from 2014 until she voluntarily resigned in 2018.

438.     Deny the allegations in paragraph 438.

439.     Deny the allegations in paragraph 439.

440.    Deny the allegations in paragraph 440.

441.    Admit the allegations in paragraph 441.

442.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 442.

443.    Admit the allegations in paragraph 443.

444.    Deny the allegations in paragraph 444, except admit that plaintiff Piantadosi was employed by the University from 2014 until he voluntarily resigned in 2018.

445.    Deny the allegations in paragraph 445.

446.    Deny the allegations in paragraph 446.

447.    Deny the allegations in paragraph 447.

448.    Admit the allegations in paragraph 448.

449.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 449.

450.    Admit the allegations in paragraph 450.

451.    Deny the allegations in paragraph 451, except admit that plaintiff Mahon was employed by the University from 2011 until he voluntarily resigned in 2017.

452.    Deny the allegations in paragraph 452.

453.    Deny the allegations in paragraph 453.

454.    Deny the allegations in paragraph 454.

455.    Admit the allegations in paragraph 455.

456.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 456.

457.    Admit the allegations in paragraph 457.

458.     Deny the allegations in paragraph 458, except admit that plaintiff Hayden was employed by the University from 2011 until he voluntarily resigned in September 2017.

459.     Deny the allegations in paragraph 459.

460.     Deny the allegations in paragraph 460.

461.     Admit the allegations in paragraph 461.

462.     Deny the allegations in paragraph 462.

463.     Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 463.

464.     Deny the allegations in paragraph 464, except admit that plaintiff Hayden voluntarily resigned from his University employment in September 2017.

465.     Deny the allegations in paragraph 465.

466.     Deny the allegations in paragraph 466.

467.     Deny the allegations in paragraph 467.

468.     Deny the allegations in paragraph 468.

469.     Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 469.

470.     Admit the allegations in paragraph 470.

471.     Deny the allegations in paragraph 471, except admit that plaintiff Heilbronner was a postdoctoral fellow in the University from 2012 until she voluntarily resigned in September 2017.

472.     Paragraph 472 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except admit that the University was aware that plaintiffs Hayden and Heilbronner were married and admit that plaintiff Heilbronner sent and received emails concerning Dr. Jaeger and the University's investigation.

473.    Deny the allegations in paragraph 473.

474.    Deny the allegations in paragraph 474.

475.    Admit the allegations in paragraph 475.

476.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 476.

477.    Admit the allegations in paragraph 477.

478.    Deny the allegations in paragraph 478, except admit that plaintiff Cantlon is a female and that she was an employee of the University from 2009 until she resigned in 2017.

479.    Deny the allegations in paragraph 479.

480.    Deny the allegations in paragraph 480, except admit that the University fulfilled any duty it had to respond to any complaints.

481.    Paragraph 481 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and characterizations of the facts alleged.

482.    Deny the allegations in paragraph 482.

483.    Deny the allegations in paragraph 483.

484.    Deny the allegations in paragraph 484.

485.    Deny the allegations in paragraph 485.

486.    Admit the allegations in paragraph 486.

487.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 487.

488.    Admit the allegations in paragraph 488.

489.    Deny the allegations in paragraph 489, except admit that plaintiff Kidd was employed by the University from 2014 until she voluntarily resigned in 2018.

490.    Deny the allegations in paragraph 490 and state that the allegations fail to allege actionable conduct.

491.    Deny the allegations in paragraph 491, except deny knowledge or information sufficient to form a belief as the truth of the allegations of what plaintiff Kidd heard or her state of mind, and admit that plaintiff Kidd may have continued to work in proximity to Dr. Jaeger.

492.    Deny the allegations in paragraph 492 including plaintiffs' characterizations of the facts alleged, except deny knowledge or information sufficient to form a belief as the truth of the allegations of communications between plaintiffs Kidd and Aslin or plaintiff Kidd's state of mind, and admit that plaintiff Kidd participated in portions of the University's investigation.

493.    Deny the allegations in paragraph 493, except admit that the University fulfilled any duty it had to respond to any complaints.

494.    Paragraph 494 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations.

495.    Deny the allegations in paragraph 495.

496.    Deny the allegations in paragraph 496.

497.    Deny the allegations in paragraph 497, except admit that plaintiff Kidd voluntarily resigned from the University and upon information and belief is now employed at the University of California, Berkeley.

498.    Deny the allegations in paragraph 498.

499.    Admit the allegations in paragraph 499.

500.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 500.

501.    Admit the allegations in paragraph 501.

502.    Admit that Bixby was enrolled in the Ph.D program at the University's Department of Brain and Cognitive Sciences, deny that she was enrolled in the Ph.D program from 2010 to August 4, 2017 and deny the remaining allegations in paragraph 502.

503.    Deny the allegations in paragraph 503.

504.    Deny the allegations in paragraph 504.

505.    Deny the allegations in paragraph 505 except admit that plaintiff Bixby complained to Dr. DeAngelis that Jaeger's behavior was "unprofessional," but did not constitute sexual harassment and admit that Dr. DeAngelis sent an email to plaintiff Bixby dated March 11, 2014 stating, among other things, that "none of the stories that I was told were in violation of the university's policy on harassment."

506.    Deny the allegations in paragraph 506, except admit that the University complied with any duty it had to respond to any complaints.

507.    Deny the allegations in paragraph 507.

508.    Deny the allegations in paragraph 508.

509.    Deny the allegations in paragraph 509.

510.    Deny the allegations in paragraph 510.

511.    Because the Court's August 28, 2019 Decision and Order dismissed plaintiff Newport's Title IX claim, defendants do not respond to that claim here. Insofar as asserted by the other plaintiffs, defendants repeat and reallege the specific responses to the paragraphs incorporated in paragraph 511.

512.    Because the Court's August 28, 2019 Decision and Order dismissed plaintiff Newport's Title IX claim, defendants do not respond to that claim here. Insofar as asserted by the other plaintiffs, defendants admit the allegations in paragraph 512.

513.    Deny the allegations in paragraph 513.

514.    Deny the allegations in paragraph 514.

515.    Deny the allegations in paragraph 515.

516.    Because the Court's August 28, 2019 Decision and Order dismissed plaintiff Newport's Title IX claim, defendants do not respond to that claim here. To the extent any response to paragraph 516 is required, defendants deny the allegations.

517.    Because the Court's August 28, 2019 Decision and Order dismissed plaintiff Newport's Title IX claim, defendants do not respond to that claim here. To the extent any response to paragraph 517 is required, defendants deny the allegations.

518.    Because the Court's August 28, 2019 Decision and Order dismissed plaintiff Newport's Title IX claim, defendants do not respond to that claim here. To the extent any response to paragraph 518 is required, defendants deny the allegations.

519.    Deny the allegations in paragraph 519.

520.    Deny the allegations in paragraph 520.

521.    Deny the allegations in paragraph 521.

522.    Deny the allegations in paragraph 522.

523.    Deny the allegations in paragraph 523.

524.    Deny the allegations in paragraph 524.

525.    Deny the allegations in paragraph 525.

526.    Deny the allegations in paragraph 526.

527.    Deny the allegations in paragraph 527.

528.    Deny the allegations in paragraph 528.

529.    Deny the allegations in paragraph 529.

530.    Deny the allegations in paragraph 530.

531.    Deny the allegations in paragraph 531.

532.    Deny the allegations in paragraph 532.

533.    Deny the allegations in paragraph 533.

534.    Deny the allegations in paragraph 534.

535.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 535.

536.    Deny the allegations in paragraph 536.

537.    Deny the allegations in paragraph 537.

538.    Deny the allegations in paragraph 538.

539.    Deny the allegations and the plaintiffs' characterizations of the facts alleged in paragraph 539.

540.    Deny the allegations in paragraph 540.

541.    Deny the allegations in paragraph 541.

542.    Paragraph 542 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dr. Jaeger's alleged communications with unidentified members of the scientific community.

543.    Deny the allegations in paragraph 543.

544.    Paragraph 544 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 544, except admit that Mr. Seligman issued a statement, which among other things correctly noted that

allegations in an EEOC proceeding are not proven facts, and refer to that statement for a complete and accurate recitation of its contents.

545.    Deny the allegations in paragraph 545, except admit that Mr. Seligman made statements in September 2017 that were published on the University's website.

546.    Deny the allegations in paragraph 546.

547.    Deny the allegations and the characterizations of the facts alleged in paragraph 547.

548.    Paragraph 548 fails to comply with Rules 8 and 10. Notwithstanding, defendants deny the allegations and plaintiffs' characterizations of the facts alleged in paragraph 548, except admit that academics and research scientists are expected to be honest and trustworthy similar to virtually any other professionals, that some research scientists rely on grants, that publishing and presenting work are components of certain academics' careers, that labs need or want high quality Ph.D. students, and that serving on committees or in other leadership roles is a part of certain academics' careers.

549.    Deny the allegations in paragraph 549, except admit that academics and research scientists are expected to be honest and trustworthy similar to virtually any other professionals.

550.    Deny the allegations in paragraph 550.

551.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 551.

552.    Deny the allegations in paragraph 552, except admit that Mr. Seligman was the president of the University from July 2005 through January 2018.

553.    Deny the allegations and the characterizations of the facts alleged in paragraph 553.

554.    Repeat and reallege the specific responses to the paragraphs incorporated in paragraph 554.

555.     Deny the allegations in paragraph 555, except admit that Provost Clark has been University Provost since July 1, 2016 and that he was Dean of Hajim School of Engineering and Applied Sciences with the University from September 2008 until June 2016.

556.     Deny the allegations and characterizations of the facts alleged in paragraph 556.

557.     Deny each and every allegation in Plaintiffs' First Amended Complaint that is not specifically addressed in the preceding paragraphs, deny the content and characterizations in the headings in Plaintiffs' First Amended Complaint, deny the content and characterizations in footnotes to the extent they contain affirmative factual claims, and deny the allegations as to the "Relief Sought," including denying that plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

558.     In addition to the defenses and denials set forth above, defendants asserts the following additional defenses. In pleading these defenses, defendants do not admit that they bear the burden of proof, production, or persuasion on such defenses. Further, defendants specifically reserve the right to raise any and all counterclaims and additional defenses, including affirmative defenses that may become apparent at any time during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

559.     The First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

560.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and repose and/or filing periods.

## THIRD AFFIRMATIVE DEFENSE

561.    To the extent plaintiffs make allegations or claims under Title VII with respect to any action and/or employment decision in a time period more than 300 days before any plaintiff filed a charge with the EEOC, or which were not made the subject of a timely charge with the EEOC, such allegations are time barred.

## FOURTH AFFIRMATIVE DEFENSE

562.    Plaintiffs' claims for damages and/or other relief are barred because they seek relief for discrete acts which do not fall within the continuing violations doctrine and are time-barred.

## FIFTH AFFIRMATIVE DEFENSE

563.    Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, unclean hands and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

564.    Any employment decisions made by defendants were lawful and were made in good faith compliance with applicable provisions of the law, and were based solely on legitimate, non-discriminatory, non-retaliatory and non-pretextual reasons.

## SEVENTH AFFIRMATIVE DEFENSE

565.    Even if impermissible considerations were a factor in the alleged employment actions, which defendants deny, the same actions would have been take based on lawful, non-discriminatory, non-retaliatory, and non-pretextual reasons.

## EIGHTH AFFIRMATIVE DEFENSE

566.    Plaintiff Elissa Newport's claim of retaliation asserted under Title IX, 20 U.S.C. 1681(a) was dismissed by the Decision and Order of the Court filed August 28, 2019 (Dkt. 30).

## NINTH AFFIRMATIVE DEFENSE

567.    At all relevant times, defendants have maintained, disseminated and observed an equal employment, harassment-free work environment, and anti-retaliation policies that, among other things, provide that all personnel decisions are to be made on the basis of merit, without regard to gender, or any other basis that is protected under applicable law, prohibit any form of harassment or intimidation on any basis that is protected under applicable law, and prohibit any form of retaliation against an individual who reports a claim of discrimination or who reports or opposes any act or practice made unlawful by any federal, state or local statute, or who cooperates in the investigation of such a report. To the extent plaintiffs failed to utilize or otherwise avail themselves of these policies and procedures any claims of alleged discrimination or retaliation are barred. In addition, to the extent plaintiffs have otherwise failed or acted unreasonably to avoid the alleged harm which they claim to have suffered, these claims are barred.

## TENTH AFFIRMATIVE DEFENSE

568.    At all relevant times, including prior to the allegations that form the basis for plaintiffs' claims, the defendants exercised reasonable care to prevent and correct promptly any discriminatory and/or retaliatory behavior, and defendants unreasonably failed to take advantage of such preventative and/or reporting and corrective measures or to otherwise avoid harm.

## ELEVENTH AFFIRMATIVE DEFENSE

569.    All or part of plaintiffs' claims may be barred by their failure to comply with administrative and/or contractual remedies and requirements.

## TWELFTH AFFIRMATIVE DEFENSE

570.    To the extent that plaintiffs suffered damages as alleged, which defendants deny, such alleged damages were not cause or contributed to by any actions attributable to the defendants, but rather by plaintiffs' own actions or the actions of others over whom the defendants exercised no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

571.    Plaintiffs' claims may be barred by the doctrine of after-acquired evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

572.    The harm, injuries or damages allegedly suffered by plaintiffs was proximately caused by their own conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

573.    No plaintiff has suffered an adverse employment action.

## SIXTEENTH AFFIRMATIVE DEFENSE

574.    Plaintiffs' claims fail to the extent that they were not include in, or otherwise exceed, the claims in plaintiffs' EEOC charges.

## SEVENTEENTH AFFIRMATIVE DEFENSE

575.    To the extent plaintiffs allege that any agent or employee of defendant University acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's agency or employment, was not authorized or condoned by defendants, and was undertaken without the knowledge or consent of defendants. Thus, defendants are not liable for any such conduct, if it occurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

576.    The individually-named Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any alleged harassment, discrimination, or retaliation.

## NINETEENTH AFFIRMATIVE DEFENSE

577.    The alleged acts complained of herein, if they occurred, occurred without the knowledge, acquiescence or condonation of Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

578.    Plaintiffs failed to make reasonable and diligent efforts to mitigate their alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

579.    Any allegedly defamatory statements concerning plaintiffs were opinion rather than fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

580.    Any allegedly defamatory statements by defendants concerning plaintiffs were subject to an absolute and/or qualified privilege.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

581.    Any alleged defamatory statements by defendants concerning plaintiffs were true.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

582.    Defendants incorporate by reference and assert as defenses all applicable provisions pursuant to the Title VII, 42 U.S.C. 2000e et seq., Title IX, 20 U.S.C. 1681(a) et seq., and the New York State Human Rights Law, N.Y. Exec. Law 292 et seq.

## JURY DEMAND

Dated: September 25, 2019  WARD GREENBERG HELLER & REIDY LLP

_____s/ Eric J. Ward_____
Eric J. Ward (eward@wardgreenberg.com)
Meghan M. DiPasquale (mdipasquale@wardgreenberg.com)
Tony R. Sears (tsears@wardgreenberg.com)
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700

*Attorneys for Defendants*

TO:  MCALLISTER OLIVARIUS
John F. McAllister, Esq.
Ann Olivarius, Esq.
68 Putnam Street
PO Box 173
Saratoga Sprints, NY  12866
(518)633-4775
jmcallister@mcolaw.com

*Attorneys for Plaintiffs*